[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2010
JOHN LEY
CLERK

No. 09-10287
Non-Argument Calendar

_____

D. C. Docket No. 02-00045-CR-19-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER HUBBARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 26, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Dexter Hubbard, a federal prisoner convicted of a cocaine offense, appeals pro se the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1)-(2). Hubbard's § 3582(c)(2) motion is based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to most crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713.

Here, the district court correctly concluded that it lacked authority to reduce Hubbard's sentence. Hubbard was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine powder, not cocaine base. Thus, Amendment 706 had no effect on his sentencing range.

Hubbard argues that his original sentence was unconstitutionally enhanced based on his prior felony convictions. This argument cannot be raised in a § 3582(c)(2) motion because it relates to an original sentencing determination and

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

not to a guidelines amendment that has subsequently lowered Hubbard's sentencing range. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005)(explaining that in a § 3582(c)(2) proceeding all original sentencing determinations remain the same except the guidelines range that has since been amended).

Hubbard's argument that his original sentence violates United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), is foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.) (concluding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), cert. denied, 129 S. Ct. 2382 (2009); United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (concluding that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), does not provide a basis on which to grant a § 3582(c)(2) motion), cert. denied, 129 S. Ct. 1657 (2009).

Thus, the district court did not have the authority to reduce Hubbard's sentence and properly denied his § 3582(c)(2) motion.

**AFFIRMED.**

3